

# United States District Court
### MIDDLE DISTRICT OF FLORIDA
### Orlando Division

| | |
|---|---|
| MONTEREY MUSHROOMS, INC., HOLLAR AND GREENE PRODUCE COMPANY, INC., and<br><br>Plaintiffs,<br><br>vs.<br><br>PREFERRED FRESH FOODS, INC. a Florida corporation; SIME DIJAN, an individual; STEVE BENS, an individual; EXPRESS BUSINESS FUNDING, INC., a Florida corporation; and FRED STEINBERG,<br><br>Defendants. | Case No.: 6:02-cv-00635-Orl-18DAB<br><br><br><br><br><br>**SECOND AMENDED COMPLAINT** |

For their complaint, Plaintiffs respectfully state as follows:

## THE PARTIES

1.  Plaintiffs are:

    a) Monterey Mushrooms, Inc. ("Monterey Mushrooms"), a California corporation registered to do and doing business in the state of Florida with its principal place of business located at 5949 Sadler Road, Zellwood, Florida 32798.

    b) Hollar and Greene Produce Company, Inc. ("Hollar and Greene"), a North Carolina corporation registered to do and doing

business in the state of Florida, with its principal place of business located at 3258 County Rd. 305 S., Bunnell, Florida 32110.

c) Northwest Choice, Inc. ("Northwest Choice"), a Washington corporation with its principal place of business located at 2513 LeMaister Avenue, Wenatchee, Washington 98801.

2. Plaintiffs are engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

a) Preferred Fresh Foods, Inc. (the "Debtor" or "Preferred Fresh"). Upon information and belief, Preferred Fresh is a Florida corporation with its principal place of business located at 1710 Premier Row, Orlando, Florida 32809. Upon information and belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499q (the "PACA").

b) Sime Dijan, ("Dijan"), an individual, upon information and belief, is the President of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Dijan is a resident of Longwood, Florida.

c) Steve Bens, ("Bens"), an individual, upon information and belief, is the Chief Financial Officer of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Bens is a resident of Longwood, Florida.

d) Fred P. Steinberg ("Steinberg"), an individual, upon information and belief, is the Chairman of the Board of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Steinberg is a resident of Cape Coral, Florida.

e) Express Business Funding, Inc. ("Express Business Funding"), a Florida corporation with its principal place of business located at 3326 Del Prado Blvd, #10, Cape Coral, Florida 33904.

4. Preferred Fresh, Dijan, Bens, Steinberg and Express Business Funding will be collectively referred to as "Defendants." Dijan, Bens and Steinberg at times will be referred to as the "Principals."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiffs' other claims pursuant to 28 U.S.C. §1367(a).

6.  Venue in this District is based on 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

7.  This action is brought to enforce the trust provisions of Section 5 of PACA, 7 U.S.C. §499e(c).

8.  Plaintiffs sold to Preferred Fresh in interstate commerce, and Preferred Fresh purchased from Plaintiffs, Produce described as follows:

| PLAINTIFF | DATES OF SHIPMENT | AMOUNT |
| --- | --- | --- |
| Monterey Mushrooms | 3/2/02-5/9/02 | $48,803.00 |
| Hollar and Greene | 4/24/02-5/1/02 | $10,405.80 |
| Northwest Choice | 3/23/01-4/24/01 | $11,970.00 |
|  | **TOTAL** | **$71,178.80** |

9.  Plaintiffs delivered the produce to Preferred Fresh, and Preferred Fresh accepted the Produce from Plaintiffs.

10.  Defendants failed to pay for this Produce despite Plaintiffs' repeated demands.

11.  Pursuant to PACA 7 U.S.C. §499e(c), Plaintiffs are beneficiaries of a statutory trust *res* designed as a fund from which they can be assured payment.

12. Pursuant to PACA 7 U.S.C. §499e(c), at the time of Preferred Fresh's receipt of the Produce, Plaintiffs became beneficiaries in the PACA trust in the amount of $71,178.80. The PACA trust assets consist of all of Preferred Fresh's produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of the Defendants since the creation of the trust ("PACA Trust Assets").

13. Plaintiffs gave written notices of intent to preserve trust benefits to Preferred Fresh in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of their invoices and by sending those invoices to the Defendants.

14. Plaintiffs are creditors, suppliers and sellers of Produce, as those terms are defined under the PACA and within the meaning of 7 U.S.C. §499e(c).

**CLAIMS FOR RELIEF**

**COUNT I.
DEFENDANT PREFERRED FRESH**

**ENFORCEMENT OF THE PACA TRUST**
*7 U.S.C. §499e(c)*

15. Plaintiffs re-allege paragraphs 1 through 14 as if stated herein.

16. Preferred Fresh is in possession, custody and control of PACA trust assets for the benefit of Plaintiffs and other similarly situated PACA trust beneficiaries.

17. Preferred Fresh failed to pay Plaintiffs from the PACA trust assets for the shipments of Produce listed above at paragraph 8.

18. Preferred Fresh failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiffs' unpaid claims asserted in this action.

19. As a direct result of Preferred Fresh's failure to properly protect the PACA trust assets from dissipation, Plaintiffs suffered damages which are covered under the PACA trust in the amount of $71,178.80, plus interest from the date each invoice became past due.

20. Plaintiffs seek the entry of an Order directing Preferred Fresh to immediately turn over to the Plaintiffs, as beneficiaries of this trust, an amount of the PACA trust *res* equal to the sum of $71,178.80, plus interest, costs and attorneys' fees.

## COUNT II.
## DEFENDANT PREFERRED FRESH

### VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY AND TO MAINTAIN TRUST ASSETS
*7 U.S.C. §499b(4) and 7 U.S.C. §499e(c)(2)*

21. Plaintiffs re-allege paragraphs 1 through 20 as if stated herein.

22. Preferred Fresh received each of the shipments of Produce identified in paragraph 8 above.

23. Preferred Fresh failed to pay these invoices within payment terms.

24.     As a direct result of Preferred Fresh's failure to pay for each invoice within terms, the Plaintiffs have incurred damages in the amount of $71,178.80.

25.     PACA requires all commission merchants, dealers, or brokers, who, during the course of a transaction, receive produce, inventories of food or other products derived from produce, and any receivables or proceeds from the sale of receivables, to hold such produce, products, or receivables in trust for the benefit of the unpaid supplier until payment for the transaction has been made to the unpaid supplier in full.

26.     Preferred Fresh has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as Plaintiffs' unpaid claims asserted in this action.

27.     As a direct result of Preferred Fresh's failure to properly maintain and protect the PACA trust assets from dissipation, Plaintiffs have suffered damages which are covered under the PACA trust in the amount of $71,178.80, plus interest from the date each invoice became past due.

28.     Plaintiffs seek entry of an Order directing Preferred Fresh to immediately turnover to the Plaintiffs, as beneficiaries of this trust, or to an escrow agent designated by the Court, an amount of the PACA trust *res* equal to the sum of $71,178.80, so as to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims, such as Plaintiffs', plus interest, attorneys' fees and costs.

## COUNT III
## DEFENDANT PREFERRED FRESH

### BREACH OF CONTRACT

29.   Plaintiffs re-allege paragraphs 1 through 28 as if stated herein.

30.   Plaintiffs and Preferred Fresh entered into contracts under which Plaintiffs agreed to sell the Produce and Preferred Fresh agreed to purchase the Produce, each of which is described in paragraph 8 above.

31.   Preferred Fresh failed to pay for each shipment of Produce in the aggregate amount of $71,178.80.

32.   Plaintiffs seek entry of an Order directing Preferred Fresh to immediately pay the sum of $71,178.80, plus interest, attorneys' fees and costs to the Plaintiffs.

## COUNT IV
## THE PRINCIPALS - SIME DIJAN, STEVE BENS AND FRED STEINBERG

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

33.   Plaintiffs re-allege paragraphs 1 through 32 as if stated herein.

34.   At all times relevant to this action, the Principals were officers, directors, shareholders or employees of Preferred Fresh. The Principals are responsibly connected to Preferred Fresh within the meaning of 7 U.S.C. §499a(b)(9) of PACA.

35. The Principals controlled, or had a duty to control, Preferred Fresh's operations and financial dealings, including those involving the PACA trust assets.

36. The Principals had full knowledge and responsibility for the handling of Preferred Fresh's duties as trustee of the PACA trust.

37. As the Principals of Preferred Fresh, Dijan, Steinberg and Bens had a duty to ensure Preferred Fresh fulfilled its duty as PACA trustee and maintained the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to Plaintiffs.

38. Preferred Fresh breached its fiduciary duty to maintain sufficient PACA trust assets to pay all PACA trust claims.

39. The Principals breached their fiduciary duties to direct Preferred Fresh to fulfill its statutory trustee duties to preserve and maintain sufficient PACA trust assets to pay Plaintiffs for the produce they supplied to Preferred Fresh.

40. The Principals continue to hold any and all PACA Trust assets having come into their individual possession as trustee for Plaintiffs' beneficial interest in the PACA Trust.

41. The Principals are personally liable to Plaintiffs for their breach of fiduciary duty in dissipating the PACA trust to the extent of $71,178.80, plus interest, costs and attorneys' fees.

42. Accordingly, the Plaintiffs seek entry of an Order directing the Principals to pay the sum of $71,178.80, less any monies Plaintiffs receive from the PACA trust, plus interest, costs and attorneys' fees, to be satisfied from the Principals' personal assets.

## COUNT V.
## DEFENDANT EXPRESS BUSINESS FUNDING

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

43. Plaintiffs reallege paragraphs 1 through 42 as if stated herein.

44. On or about August 22, 2000, Express Business Funding entered into financing agreements with Preferred Fresh, whereby Express Business Funding loaned funds to Preferred Fresh secured by the accounts receivable of Preferred Fresh.

45. Express Business Funding attempted to secure financing extended to Preferred Fresh by taking a lien on the collateral of Preferred Fresh, including, *inter alia*, the accounts receivable.

46. The accounts receivable of Preferred Fresh used as collateral were not used for their only sole purpose, which is to pay the produce invoices of qualified PACA trust beneficiaries such as Plaintiffs.

47.  Express Business Funding received payments from Preferred Fresh's sales of fresh fruit and vegetables to reduce sums loaned to Preferred Fresh.

48.  The funds Express Business Funding received from the accounts receivable of Preferred Fresh constitute the proceeds of the sale of fresh fruits and vegetables. Such funds constitute PACA trust assets under §499e(c)(2).

49.  The funds Express Business Funding received from Preferred Fresh were in breach of the PACA trust, which requires prompt and full payment to PACA trust beneficiaries such as Plaintiffs.

50.  The interest Express Business Funding had in the accounts receivable of Preferred Fresh is subordinate to the interests of qualified PACA trust beneficiaries such as the Plaintiffs through operation of PACA.

51.  Express Business Funding's receipt of PACA trust assets, and its failure to use those assets to pay Plaintiffs has resulted in a breach of the PACA trust, has prevented the assets from being used for their sole lawful purpose to make full payment to the Plaintiffs, and constitutes a conversion of Plaintiffs' rights in the *res* of the PACA trust.

52.  Express Business Funding received the accounts receivable of Preferred Fresh, and any proceeds therefrom are subject to Plaintiffs' PACA trust rights.

Case No.: 6:02-cv-00635-Orl-18DAB
*Second Amended Complaint*

53. Express Business Funding is unlawfully in possession of assets of Plaintiff's PACA trust *res*, and holds those assets for Plaintiffs' beneficial interest.

54. Express Business Funding's receipt of assets impressed with Plaintiffs' PACA trust *res* has resulted in damages to Plaintiffs in an amount up to $71,178.80 as outlined in paragraph 8 above, less any PACA trust assets Plaintiffs recover directly from the Principals.

55. Plaintiffs seek an Order directing payment from Express Business Funding in an amount totaling $71,178.80, less any recovery of PACA assets from the Principals.

**FOR THESE REASONS,** Plaintiffs respectfully request the entry of an Order providing as follows:

A) Declaring the Defendants to be holding the above described PACA trust assets as Trustees for the sole and exclusive benefit of Plaintiffs and other qualified PACA trust beneficiaries;

B) Directing the Defendants to assign, transfer, deliver and turn over to Plaintiffs, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims;

C) As to Counts I, II and III, entering a Final Judgment in favor of Plaintiffs and against Preferred Fresh, in the amount of $71,178.80, plus pre-judgment and post-judgment interest, costs and attorneys' fees;

D) As to Count IV, entering a Final Judgment in favor of Plaintiffs and against the Principals, jointly and severally, in the amount of $71,178.80, plus pre-judgment and post-judgment interest, costs and attorneys' fees, with a corresponding reduction for the amount of any payment received upon Counts I, II or III of this Complaint;

E) As to Count V, entering a Final Judgment in favor of Plaintiffs and against Defendant Express Business Funding, in the amount of $71,178.80, plus interest, costs and attorneys' fees, less any recovery of PACA assets from the Principals; and

F) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

/
/
/
/

Case No.: 6:02-cv-00635-Orl-18DAB
*Second Amended Complaint*

Respectfully submitted this 10th day of October, 2002.

MEUERS LAW FIRM, P.L.

By: *[signature]*
Katy L. Koestner, Esq.
*Florida Bar No. 0159484*
5395 Park Central Court
Naples, FL 34109
Telephone:   (239)513-9191
Facsimile:    (239)513-9677
Kkoestner@meuerslawfirm.com

Attorneys for Plaintiff